UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON GORDON, CURTIS GREEN,       )
JAKUB VONDRAK, JESSE LOBB,          )
BYRON MCDONALD, DEREK PIPER,        )
CHRISTOPHER GALIDO, MARK            )
BOEHLER, MERLIN FISHER-LEVINE,      )
NATHANAEL FLACHSBART, JAMES         )
KOLONUSZ, and RUSS HENDERSON,       )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )     Case No. _____
                                    )
ZACHARY DAILEY, and                 )
LAB RAT DATA PROCESSING, LLC        )
                                    )
        Defendants.                 )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Brandon Gordon, Curtis Green, Jakub Vondrak, Jesse Lobb, Byron McDonald, Derek Piper, Christopher Galido, Mark Boehler, Merlin Fisher-Levine, Nathanael Flachsbart, James Kolonusz, and Russ Henderson (individually and collectively, "Plaintiffs"), hereby sue Defendants, Zachary Dailey and Lab Rat Data Processing, LLC (individually and collectively, "Defendants"), and allege as follows:

### NATURE OF ACTION

1.      Plaintiffs bring this action against Defendants to seek relief from their violations of Rule 10b-5 under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*, codified at 17 C.F.R. § 240.10b-5 (the "Federal Claims"). Plaintiffs additionally assert pendent claims arising out of the same operative facts as the Federal Claims for violations of Fla. Stat. § 517.301, fraud,

negligent misrepresentation, fraudulent inducement, breach of contract, and unjust enrichment (the "State Law Claims").

## PARTIES

2. Plaintiff Brandon Gordon ("Gordon") is an individual and a resident of Brooksville, Hernando County, Florida, U.S.A., and is *sui juris*.

3. Plaintiff Curtis Green ("Green") is an individual and a resident of the State of Utah, U.S.A., and is *sui juris*.

4. Plaintiff Jakub Vondrak ("Vondrak") is an individual and a resident of the Czech Republic, and is *sui juris*.

5. Plaintiff Jesse Lobb ("Lobb") is an individual and a resident of Auckland, New Zealand, and is *sui juris*.

6. Plaintiff Byron McDonald ("McDonald") is an individual and a resident of British Columbia, Canada, and is *sui juris*.

7. Plaintiff Derek Piper ("Piper") is an individual and a resident of the State of Indiana, U.S.A., and is *sui juris*.

8. Plaintiff Christopher Galido ("Galido") is an individual and a resident of the State of Michigan, U.S.A., and is *sui juris*.

9. Plaintiff Mark Boehler ("Boehler") is an individual and a resident of the State of Tennessee, U.S.A., and is *sui juris*.

10. Plaintiff Merlin Fisher-Levine ("Fisher-Levine") is an individual and a resident of the State of New York, U.S.A., and is *sui juris*.

11. Plaintiff Nathanael Flachsbart ("Flachsbart") is an individual and a resident of the State of Maine, U.S.A., and is *sui juris*.

12. Plaintiff James Kolonusz ("Kolonusz") is an individual and a resident of the State of California, and is *sui juris*.

13. Plaintiff Russ Henderson ("Henderson") is an individual and a resident of the State of Missouri, U.S.A., and is *sui juris*.

14. Defendant Lab Rat Data Processing, LLC, d/b/a Lab Rat Mining ("LRM"), is a New Jersey limited liability company with its principal place of business located in Ocean, New Jersey, U.S.A.

15. Defendant Zachary Dailey ("Dailey") is an individual and is a resident of Ocean, New Jersey, U.S.A.

16. At all relevant times hereto, Dailey was and is the sole controlling member, manager, and employee of LRM. Dailey was and is directly and vicariously responsible and liable for all acts and/or omissions of LRM that constitute the violations of law, fraud and deceit complained of herein; Dailey directed LRM to commit those acts and/or omissions; and Dailey personally engaged in and benefitted from the acts and/or omissions of LRM.

## JURISDICTION AND VENUE

17. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 based upon the existence of a question arising under particular federal statutes and regulations, namely 15 U.S.C. § 78a, *et seq.*, and 17 C.F.R. § 240.10b-5. In addition, the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the action is between parties of diverse citizenship and the amount in controversy exceeds $75,000. Plaintiffs also invoke the supplemental jurisdiction of this Court to determine the State Law Claims raised herein pursuant to 28 U.S.C. § 1367.

18. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) because certain of the Federal Claims and the State Law Claims occurred in this judicial district.

19. This Court has personal jurisdiction over Defendants LRM and Dailey pursuant to §§ 48.193(2) and 48.193(1)(a), (b) and (g), Florida Statutes, because:

(a) At all material times hereto, Defendants engaged in substantial, continuous and not isolated business activities in and directed to the Middle District of Florida; and

(b) The Defendants committed tortious acts, violations of federal and state law, and breached contracts in the Middle District of Florida, as more fully described below.

## FACTS COMMON TO ALL COUNTS

20. During 2013 and 2014, Defendants engaged in direct and indirect solicitation of each of the Plaintiffs to participate in a Bitcoin ("BTC") related "initial public offering" ("the LRM Offering") by offering for sale bonds issued by LRM ("the LRM Bonds"). Defendants engaged in these private and public solicitations through a website (www.bitfunder.com ("Bitfunder") wherein the Defendants created and maintained a listing for the LRM Offering of the LRM Bonds, and through the means or instrumentalities of interstate commerce, including email and the internet.

21. In connection with the LRM Offering, Defendants had and owed to Plaintiffs a duty to disclose and provide truthful and honest facts and information concerning the LRM Offering and the LRM Bonds.

22. In an effort to solicit the Plaintiffs and to induce them into investing in the LRM Offering and the LRM Bonds, Dailey, acting both individually and as the controlling member of LRM, made the following untrue statements of material fact to Plaintiffs (the "LRM Misrepresentations"):

(a) that each bond offered for purchase to Plaintiffs constituted an ownership interest in and a right to a proportional share of the BTC generated through LRM's purchase and operation of specialized BTC mining computer hardware;

(b) that the Plaintiffs would be entitled to receive weekly dividends resulting from the BTC mining operations managed by LRM and specifically by Dailey;

(c) that Defendants would distribute weekly dividends resulting from the BTC mining operations managed by LRM and specifically by Dailey;

(d) that Plaintiffs would be entitled to the return of the BTC funding their purchase of LRM bonds;

(e) that LRM had obtained legal advice and assistance regarding the LRM Offering and the structure and legality of the solicited investments, and that the LRM Offering and LRM Bonds complied with all legal and regulatory requirements; and,

(f) that LRM's business plan (the "LRM Business Plan") that Defendants provided to Plaintiffs to induce them to purchase LRM Bonds was accurate, legal and complete in all respects. A true and correct copy of the LRM Business Plan is attached as Exhibit 1 and incorporated herein.

23. At the time the LRM Misrepresentations were made to Plaintiffs by the Defendants, the Defendants also knew, or reasonably should have known, of the following material facts that Defendants omitted to communicate to the Plaintiffs ("the LRM Omissions"):

(a) that Defendants did not intend to distribute weekly dividends or repay the BTC Plaintiffs provided to purchase the LRM Bonds;

(b) that the terms and conditions of LRM's Business Plan and Official Contract were false and misleading and contained material misstatements and omissions;

(c) that LRM lacked the financial resources, knowledge, experience, equipment and ability to distribute weekly dividends resulting from the BTC mining operations managed by LRM or to repay the BTC Plaintiffs provided to purchase the LRM Bonds;

(d) that the bonds issued by LRM constituted "securities" as defined by the Securities Act of 1933;

(e) that LRM had failed to either register the bonds offered for sale to Plaintiffs by LRM or seek any applicable exemption;

5

  (f)  that LRM's sale and delivery of the unregistered LRM Bonds constituted a violation of 15 U.S.C. §77(e), Section 12(1) of the Securities Act of 1993;

  (g)  the LRM Bonds sold to and purchased by Plaintiffs were worthless and non-marketable; and

  (h)  that the BTC and other monies raised from Plaintiffs in connection with the LRM Offering would be diverted to other, improper purposes.

24. In reasonable and justified reliance upon the LRM Misrepresentations and LRM Omissions made by Defendants, each of the Plaintiff's transmitted BTC to Defendants to purchase a specified amount of LRM bonds, as follows:

  (a)  Plaintiff Gordon purchased and presently holds 5007 LRM bonds;

  (b)  Plaintiff Green purchased and presently holds 4743 LRM bonds;

  (c)  Plaintiff Vondrak purchased and presently holds 3372 LRM bonds;

  (d)  Plaintiff Lobb purchased and presently holds 2023 LRM bonds;

  (e)  Plaintiff McDonald purchased and presently holds 1368 LRM bonds;

  (f)  Plaintiff Piper purchased and presently holds 285 LRM bonds;

  (g)  Plaintiff Galido purchased and presently holds 2103 LRM bonds;

  (h)  Plaintiff Boehler purchased and presently holds 1500 LRM bonds;

  (i)  Plaintiff Fisher-Levine purchased and presently holds 8586 LRM bonds;

  (j)  Plaintiff Flachsbart purchased and presently holds 342 LRM bonds;

  (k)  Plaintiff Kolonusz purchased and presently holds 6000 LRM bonds; and

  (l)  Plaintiff Henderson purchased and presently holds 13281 LRM bonds

25. In reasonable and justified reliance upon the LRM Misrepresentations and LRM Omissions made by Defendants, the Defendants presented and each of the Plaintiffs entered into an LRM investor contract. Copies of a representative Initial Investor Contract and Official Contract entered into between LRM and Plaintiff Brandon Gordon are attached hereto as Composite Exhibit 2 and incorporated herein.

6

26. Plaintiffs would not have purchased the LRM Bonds or entered into the Investor Contracts if Plaintiffs had known that the LRM Misrepresentations were false or if Plaintiffs had been aware of the LRM Omissions.

27. Subsequent to their solicitation and sale of the LRM Bonds to Plaintiffs, Defendants have materially breached and defaulted on their obligations to Plaintiffs under the parties' contracts by, among other actions:

   (a) failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the LRM Contracts;

   (b) attempting to coerce the Plaintiffs to relinquish their contractual and other legal rights by demanding that Plaintiffs accept and convert to modified contracts that materially alters the terms of the parties' contracts and substantially diminishes the Plaintiffs' ability to recover their investments;

   (c) repeatedly misrepresenting and concealing the true nature and status of the Plaintiff's investments in LRM as well as the finances, operations and legal status of LRM; and

   (d) violating various state and federal laws in connection with the offer and sale of LRM bonds to the Plaintiffs and other investors in LRM.

28. As a direct and proximate consequence of the Defendants' unlawful conduct as described herein, the Plaintiffs have and will continue to incur substantial damages. Based on information and belief, the Plaintiffs presently own approximately 27.56% of the outstanding LRM bonds, which bonds were originally valued at .15 bitcoin per share/bond. The Plaintiff's damages from the loss of their investment due to the Defendants' actions and inactions are

therefore 2,430.35 BTC, or $1,531,183.50 (at the prevailing rate of $630 per BTC), excluding unpaid dividends, interest, attorney's fees and costs of litigation.

29. Plaintiffs have made repeated demands upon Defendants to rescind the unlawful transactions at issue and to return the monies that Defendants fraudulently obtained from Plaintiffs. To date, Defendants have failed and refused to return the Plaintiff's monies, and have continued to engage in their unlawful actions and inactions.

30. Plaintiffs have fulfilled or performed all conditions precedent to the filing of this action, and/or such conditions precedent have been waived by Defendants.

### COUNT I – VIOLATION OF 17 C.F.R § 240.10b-5
(By All Plaintiffs Against All Defendants)

31. Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

32. The LRM bonds offered for sale by Defendants and purchased by Plaintiffs constitute securities under the Securities Act of 1933.

33. Defendants made untrue statements of material fact to Plaintiffs concerning the LRM Offering, including, but not limited to, the LRM Misrepresentations, in connection with the sale of the LRM bonds.

34. Defendants were aware of and omitted to communicate certain material facts concerning the LRM Offering to Plaintiffs, including, but not limited to, the LRM Omissions, in connection with the sale of the LRM bonds.

35. The LRM Misrepresentations and LRM Omissions made by Defendants constitute acts, practices, or a course of business that operated as a fraud and deceit upon Plaintiffs.

36. Defendants used means or instrumentalities of interstate commerce, including the mail, email and the internet, in connection with the LRM Misrepresentations and LRM Omissions, and to directly or indirectly employ a device, scheme, or artifice to convince Plaintiffs to purchase LRM bonds.

37. Defendants obtained BTC, money and/or other property from Plaintiffs as a result of the LRM Misrepresentations and LRM Omissions.

38. The LRM Misrepresentations and LRM Omissions of the Defendants constituted securities fraud in violation of 17 C.F.R § 240.10b-5.

39. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' violations of 17 C.F.R § 240.10b-5.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment against Defendants for compensatory damages, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

### COUNT II – VIOLATION OF THE FLORIDA SECURITIES AND INVESTOR PROTECTION ACT – FLA. STAT. § 517.301
(By Plaintiff Gordon Against All Defendants)

40. Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

41. This is a claim by Plaintiff Gordon, a Florida resident, against Defendants for violation of Fla. Stat. § 517.301.

42. The LRM Offering and the LRM Bonds purchased by Plaintiff Gordon from Defendants constitutes an "investment" under Fla. Stat. § 517.301(2).

43. In connection with the LRM Offering to Plaintiff Gordon, Defendants:

(a) employed a device, scheme, or artifice to defraud Gordon as evidenced by the LRM Misrepresentations and LRM Omissions;

(b) obtained money or property from Gordon by communicating untrue statements of material fact, including, but not limited to, the LRM;

(c) obtained money or property from Gordon by omitting to state material facts necessary to make Defendants' statements not misleading in light of the circumstances under which such statements were made, including, but not limited to, the LRM Omissions;

(d) engaged in a transaction, practice, or course of business that operated as a fraud or deceit on Gordon; and,

(e) solicited and sold unregistered, non-exempt securities to Gordon.

44. Defendants made the LRM Misrepresentations and LRM Omissions to Plaintiff Gordon with reckless disregard for the truth of their communications.

45. Defendants knew or reasonably should have known that Plaintiff Gordon would justifiably and reasonably rely on the LRM Misrepresentations and LRM Omissions.

46. Plaintiff Gordon justifiably and reasonably relied on the LRM Misrepresentations and the LRM Omissions in connection with his purchase of LRM Bonds.

47. Defendants violated Fla. Stat. § 517.301 by causing Plaintiff Gordon to invest in the LRM Offering and purchase LRM bonds in reliance upon the LRM Misrepresentations and LRM Omissions.

48. Plaintiff Gordon has suffered damages as a direct and proximate cause of Defendants' violations of Fla. Stat. § 517.301.

**WHEREFORE**, Plaintiff Brandon Gordon respectfully requests that the Court enter a judgment against Defendants for actual compensatory damages, for rescission of his purchase of the LRM bonds, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

### COUNT III – COMMON LAW FRAUD
### (By All Plaintiffs Against All Defendants)

49.  Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

50.  In connection with the LRM Offering, Defendants misrepresented and omitted to communicate material facts concerning the LRM Offering and LRM Bonds to Plaintiffs, including, but not limited to, the LRM Misrepresentations and LRM Omissions.

51.  Defendants knew that the LRM Misrepresentations were false at time such misrepresentations were communicated to Plaintiffs.

52.  Defendants knew they were omitting material facts concerning the LRM Offering and LRM Bonds when making the LRM Omissions during communications with Plaintiffs.

53.  Defendants intended for the Plaintiffs to rely upon the LRM Misrepresentations and LRM Omissions in order to induce Plaintiffs to invest in and purchase the LRM Bonds.

54.  Plaintiffs reasonably and justifiably relied upon the LRM Misrepresentations and LRM Omissions by investing in and purchasing the LRM Bonds.

55.  Plaintiffs were induced into purchasing the LRM Bonds as a result of the LRM Misrepresentations and LRM Omissions, and Plaintiff would not have purchased the LRM Bonds had Defendants not made the LRM Misrepresentations and LRM Omissions.

56. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' fraud.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment against Defendants for rescission, compensatory damages, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

### COUNT IV – NEGLIGENT MISREPRESENTATION
(By All Plaintiffs Against All Defendants)

57. Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

58. In connection with the LRM Offering, Defendants misrepresented and omitted to communicate material facts concerning the LRM Offering and LRM Bonds to Plaintiffs, including, but not limited to, the LRM Misrepresentations and LRM Omissions.

59. Defendants reasonably should have known that the LRM Misrepresentations were false at the time such misrepresentations were communicated to Plaintiffs.

60. Defendants reasonably should have known that they were omitting material facts concerning the LRM Offering and LRM Bonds when making the LRM Omissions during communications with Plaintiffs.

61. Defendants intended for the Plaintiffs to rely upon the LRM Misrepresentations and LRM Omissions in order to induce Plaintiffs to invest in and purchase the LRM bonds.

62. Plaintiffs reasonably and justifiably relied upon the LRM Misrepresentations and LRM Omissions by investing in and purchasing the LRM Bonds.

63. Plaintiffs would not have purchased the LRM Bonds had Defendants not made the LRM Misrepresentations and LRM Omissions.

64. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' negligent misrepresentations.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment against Defendants for rescission, compensatory damages, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

## COUNT V – FRAUDULENT INDUCEMENT
### (By All Plaintiffs Against All Defendants)

65. Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

66. In connection with the LRM Offering, Defendants misrepresented and omitted to communicate material facts concerning the LRM Offering, LRM Bonds and LRM Contract to Plaintiffs, including, but not limited to, the LRM Misrepresentations and LRM Omissions.

67. Defendants knew that the LRM Misrepresentations were false at time such misrepresentations were communicated to Plaintiffs.

68. Defendants knew that they were omitting material facts concerning the LRM Offering and LRM Bonds when making the LRM Omissions during communications with Plaintiffs.

69. Defendants intended for the Plaintiffs to rely upon the LRM Misrepresentations and LRM Omissions in order to induce Plaintiffs to invest in and purchase the LRM Bonds and to enter into the LRM Contract.

70. Plaintiffs reasonably and justifiably relied upon the LRM Misrepresentations and LRM Omissions by purchasing the LRM Bonds and entering into the LRM Contract.

71. Plaintiffs were induced into purchasing the LRM Bonds and entering into the LRM Contracts as a result of the LRM Misrepresentations and LRM Omissions. Plaintiffs would not have purchased the LRM Bonds or entered into the LRM Contracts had Defendants not made the LRM Misrepresentations and LRM Omissions.

72. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' fraud.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment against Defendants for rescission, compensatory damages, incidental and consequential damages, punitive and exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

### COUNT VI – BREACH OF CONTRACT
### (By All Plaintiffs Against All Defendants)

73. Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

74. Plaintiffs each entered into a LRM Contract in connection with their investment in and purchase of LRM Bonds

75. Defendants have breached the LRM Contract by, among other things, failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the LRM Contract, and attempting to coerce the Plaintiffs to relinquish their contractual and other legal rights by demanding that Plaintiffs accept and convert to modified contracts that materially alters the terms of the parties' contracts and substantially diminishes the Plaintiffs' ability to recover their investments.

76. Plaintiffs have suffered damages as a direct and proximate cause of Defendants' breach and violation of the parties' contracts.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment against Defendants for compensatory damages, incidental and consequential damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

### COUNT VII – UNJUST ENRICHMENT
### (All Plaintiffs Against All Defendants)

77. Plaintiffs reallege and incorporate Paragraphs 1 through 30 as if fully set forth herein.

78. Plaintiffs conferred benefits on the Defendants by investing in and purchasing the LRM Bonds.

79. Defendants have failed to compensate Plaintiffs for their investment in and purchase of LRM Bonds.

80. Defendants were and are aware that Plaintiffs expected to be compensated for the benefits conferred upon Defendants by Plaintiffs.

81. Defendants have retained the benefits conferred by Plaintiffs notwithstanding Defendants' LRM Misrepresentations and LRM Omissions, and Defendants' failure to honor the terms of the parties' contracts.

82. It is inequitable for Defendants to continue to retain the benefits conferred by Plaintiffs in connection with the LRM Offering, LRM Bonds and LRM Contract, without compensating Plaintiffs.

83. Defendants have been unjustly enriched by Plaintiffs to Plaintiffs' detriment.

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment against Defendants for compensatory damages, incidental and consequential damages, punitive and

exemplary damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues and claims so triable.

Dated: August 26, 2014

                              Respectfully submitted,

                              Christopher Hopkins (Florida Bar No. 116122)
                              Jonathan B. Butler (Florida Bar No. 56197)
                              **AKERMAN LLP**
                              777 South Flagler Drive
                              West Tower, 11th Floor
                              West Palm Beach, Florida 33401
                              Telephone: (561) 653-5000
                              Facsimile: (561) 659-6313
                              E-mail: Christopher.hopkins@akerman.com
                              E-mail: Jonathan.butler@akerman.com

                              *Attorneys for Plaintiffs*