UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRANDON GORDON, et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 14-7495 |
| v. | : | |
| | | OPINION |
| ZACHARY DAILEY and LAB RAT DATA PROCESSING, LLC., | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion to Amend and for leave to File a Second Amended Complaint [Dkt. No. 104]. Plaintiffs' motion was filed in response to the Court's June 21, 2016 Order on Defendants' Motion to Dismiss in which the Court dismissed the motion without prejudice and ordered Plaintiffs to show cause why the case should not be dismissed for want of subject matter jurisdiction. See Dkt Nos. 98, 99. Plaintiffs submit a proposed Second Amended Complaint which addresses some of the Court's concerns related to the nature of the property at issue: Bitcoins.

In an attempt to cure some of the inadequacies noted by the Court as to the First Amended Complaint, Plaintiffs invoke both federal question jurisdiction and diversity jurisdiction. With respect to federal question jurisdiction, Plaintiffs argue that although the LRM Bonds at issue are not bonds in the traditional sense, they are investment contracts and therefore meet the definition of a security pursuant to the federal securities laws. Alternatively, Plaintiffs argue that diversity of citizenship jurisdiction exists because the parties are diverse and the amount in controversy exceeds the jurisdictional threshold. In order to demonstrate that the damages exceed $75,000.00, Plaintiffs claim that they: 1) gathered information related to each investment in the LRM Bonds, 2) set forth all of the re-sales of the LRM bonds, 3) described the dividends

1

generated by the LRM Bonds, 4) detailed historical and current exchange rates for bitcoins in U.S. Dollars, and 5) calculated the current value of the Bitcoin investments of each of the ten Plaintiffs.

Here, the Court addresses whether the proposed Second Amended Complaint sufficiently pleads federal subject matter jurisdiction. The Court finds that diversity jurisdiction is present and, therefore, leave to amend will be granted because such an amendment is not futile.[1]

### I.   Standard on Motion to Amend

Federal Rule of Civil Procedure 15 ("Rule 15") encourages and provides for a liberal policy for amending pleadings. Under Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires." In Froman v. Davis, the Supreme court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

372 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is the "touchstone for the denial of leave to amend." . . . In the absence of

---

[1] Because the proposed Second Amended Complaint satisfies both the diversity and monetary requirements of 28 U.S.C. § 1332, the Court will not address Plaintiffs' arguments with respect to 28 U.S.C. §§ 1331.

> substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981) (citing Cornell & Co. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d. Cir. 1989).

Although courts place a heavy burden on opponents of motions to amend, it is well established that the futility of amendment is one of the factors that may be considered by the Court in denying a motion to amend. Froman, 371 U.S. at 182; see also Fed. Deposit Ins. Corp. v. Bathgate, 27 F.3d 850, 874 (3d Cir. 1994); Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. In assessing futility, a district court must apply the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). Id. (citing 3 Moore's Federal Practice, ¶ 15.15[3], at 15-47 to -48 (3d ed. 2000)).[2] Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 637-642 (2d ed. 1990) (footnote omitted).[3] Finally, the Third

---

[2]In addition, the court is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997).

[3]To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it appears beyond doubt that the

Circuit has held that an amendment is futile when the claims asserted by the plaintiffs are time-barred under the state of limitations. In re NAHC, Inc., Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

## II.   Analysis

The diversity statute provides, in relevant part, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[4]  In examining the First Amended Complaint on the motion to dismiss, the Court concluded that it had no way of determining whether the matter in controversy exceeds $75,000 because the First Amended Complaint did not allege a dollar value associated with a Bitcoin at any given time, much less during the relevant time period(s). See June 21, 2016 Opinion and Order [Dkt. Nos. 98, 99].  In addition, the Court was troubled by the lack of information related to the nature of Bitcoins and how they function, the number of Bitcoins each Plaintiff paid for the bonds and whether the Defendants ever paid any Plaintiff any weekly "dividends."

The proposed Second Amended Complaint addresses these concerns. In addition, proposed Second Amended Complaint includes an explanation of the nature of Bitcoins and how they function. See Proposed Sec. Amend. Comp. ¶¶ 24-31.  Plaintiffs also set forth a calculation method and schedule of bitcoin purchases by each Plaintiff which includes a conversion to value in United States Dollars. Id., ¶¶ 125-126; ¶176 (a)-(j).

---

[party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

[4]  Like the First Amended Complaint, the proposed Second Amended Complaint sufficiently alleges complete diversity of citizenship; Defendants are alleged to be New Jersey citizens (Sec Amend. Compl. ¶¶ 14-15), and none of the Plaintiffs are alleged to be New Jersey citizens (Sec. Amend. Compl. ¶¶ 2-13).

| Plaintiff | Net Bitcoin Investment Bonds | Value in U.S. Dollars[5] |
|---|---|---|
| Gordon | 214.18781051 | $142,400.62 |
| Green | 290.84851557 | $193,367.73 |
| Vondrak | 120.27261 | $79,962.04 |
| Lobb | 105.64005944 | $70,233.74 |
| Piper | 5.82361022 | $3,871.77 |
| Galido | 82.33777013 | $54,741.44 |
| Boehler | 64.53032929 | $42,902.34 |
| Fisher-Levine | 207.3906097 | $137,881.57 |
| Flachsbart | 14.02584615 | $9,324.94 |
| Henderson | 859.7813919 | $571,617.06 |

Id.

Thus, the Plaintiffs sufficiently plead diversity of citizenship jurisdiction. attach a detailed chart to the proposed Second Amended Complaint that sets forth losses for some of the Plaintiffs that exceed of seventy- five thousand dollars. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559, 125 S. Ct. 2611, 2620–21, 162 L. Ed. 2d 502 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.").

---

[5] There is an accepted method of calculating the exchange rate of Bitcoin to U.S. dollars: multiply the net number of Bitcoin by the current exchange rate in U.S. Dollars. See http://www.coindesk.com/price. At the time the Motion to Amend was filed, as of July 13, 2016 the exchange rate equaled $664.84. the above chart reflects that calculation as plead in the proposed Second Amended Complaint. However, today, March 30, 2017, the exchange rate is $1047.89. See http://www.coindesk.com/price. Under either calculation, the proposed Second Amended Complaint satisfies the jurisdictional amount in controversy.

In light of the allegations set forth in the chart and the additional details provided in the proposed Second Amended Complaint, the Court is satisfied that it has diversity of citizenship subject matter jurisdiction and the amendment is not futile. The Court need not address whether subject matter jurisdiction is present. Plaintiffs motion to amend is granted.

### III.   Conclusion

For the reasons stated above, the Motion to Amend is granted. An appropriate Order shall issue.


Dated: March 30, 2017

                                                    s/ Joseph H. Rodriguez
                                                   Hon. Joseph H. Rodriguez,
                                                   UNITED STATES DISTRICT JUDGE