UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRANDON GORDON, et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 14-7495 |
| v. | : | |
| | | OPINION |
| ZACHARY DAILEY and LAB RAT DATA PROCESSING, LLC., | : | |
| Defendants. | : | |

This matter is before the Court on Defendant's Motion to Dismiss the Second Amended Complaint [Dkt. No. 126]. The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78 (b). For the reasons that follow, Defendant's motion is denied.

I. Background

Plaintiffs Brandon Gordon, Curtis Green, Jakub Vondrak, Jesse Lobb, Derek Piper, Christopher Galido, Mark Boehler, Merlin Fisher-Levine, Nathanael Flachsbart, and Russ Henderson bring this action against Defendant Zachary Dailey ("Defendant") for claims arising out of Defendant's sale of alleged securities, in the form of bonds issued by administratively terminated Defendant Lab Rat Data Processing, LLC.[1] Investment in the bonds allowed Plaintiff Brandon Gordon ("Plaintiff") to participate in a Bitcoin related initial public offering. The Bonds purchased by Plaintiff are attached to the Second Amended Complaint.

---

[1] The only remaining Plaintiff in this action is Brandon Gordon. The others were dismissed from the case on May 29, 2017. Zachary Dailey is the only remaining Defendant to this action as Lab Rat Data Processing, LLC was administratively terminated after it filed a suggestion of bankruptcy on November 18, 2015 [Dkt. No. 81].

1

The Second Amended Complaint, like its predecessors, alleges violations Section 12(a)(1) and 12(a)(2) of the Securities Act of 1933 (The 1933 Act), 15 U.S.C. § 77l and Section 10(b) of the Securities Exchange Act of 1934 (The 1934 Act), and Rule 10b-5 promulgated thereunder, codified at 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, for Defendant's misrepresentations in connection with the sale of the Bonds. These are the only federal claims plead. The remainder of the claims assert violations of New Jersey and Florida state laws, arising out of the same operative facts as the federal claims set forth above, for violations of the New Jersey Uniform Securities Law, N.J. Stat. Ann. §§ 49:3-47, et. seq. and violations of the Florida Securities and Investor Protection Act, Fla. Stat. § 517.301, common law fraud, negligent misrepresentations, fraudulent inducement, breach of contract, and unjust enrichment.

In support of the motion to dismiss, Defendant reargues some of the points already addressed in the previous motion to dismiss and in opposition of the motion to amend. In short, Defendant claims that the Second Amended Complaint should be dismissed for the following reasons: 1) Plaintiff has failed to plead a claim under Section 10 (b) of the Securities Act of 1934; 2) the Complaint fails to plead facts that support any claim; 3) the Complaint fails to state a claim under state law; 4) the Complaint fails to state a claim of common law fraud pursuant to Fed. R. Civ. P. 9 (b); 5) Plaintiff's fraud, negligent representation and unjust enrichment claims are barred by the economic loss doctrine; 6) the Complaint fails to state a claim for unjust enrichment and/or breach of contract; and 7) Counts XXI through XXIII should be dismissed based upon Plaintiff's voluntary dismissal of these claims.[2]

---

[2] Plaintiff agrees that the claims related to the plaintiffs dismissed on May 29, 2017 who are no longer in the case is proper, but asks the Court to forgo dismissing them a second time. To the extent that these claims are no longer operative, Defendant's motion is granted in this regard.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may involve either a facial challenge to subject matter jurisdiction or a factual challenge to the jurisdictional allegations. Gould Elec., 220 F.3d at 176. If the defendant's attack is facial—i.e., "asserting that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction"—a court must accept all allegations in the complaint as true. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Alternatively, a defendant may "challenge a federal court's jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings and, when considering such a challenge, a presumption of truthfulness does not attach to a plaintiff's allegations." Id.; see also Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

Alternatively, Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[3] See Chester County Intermediate Unit v. Pa.

---

[3]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[4] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not

---

[4]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

4

entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Further, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead "with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.' " Lum v. Bank of Am., 361 F.3d 217, 223–24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).

There are two ways to satisfy the particularity requirement. See Lum, 361 F.3d at 224. First, a plaintiff may plead the "date, place or time" of the fraudulent act. Id. (quoting Seville, 742 F.2d at 791) (internal quotations omitted) (emphasis added).

5

Second, a plaintiff may use "alternative means [to] inject [ ] some measure of substantiation into their allegations of fraud." Id. (internal quotations omitted). Still, the plaintiff must plead enough to substantiate the allegations of fraud being made and may not rely on "conclusory statements." NN & R, Inc. v. One Beacon Ins. Group, 362 F.Supp.2d 514, 518 (D.N.J. 2005) (quoting Mordini v. Viking Freight, Inc., 92 F.Supp.2d 378, 385 (D.N.J. 1999)). At a minimum, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum, 361 F.3d at 224. Significantly, the heightened pleading standard required by Rule 9(b) applies to claims of fraud brought under New Jersey law. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

III. Analysis

As a preliminary matter, the Court will not consider the large declaration Defendant appends to his motion to dismiss. Given the posture of the Court under Fed. R. Civ. P. 12 (b) (6), only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." ) (internal quotation marks and citations omitted) (emphasis deleted). The Court finds that Defendant's motion asks the Court to consider evidence not properly before the Court in this posture.

In the Court's Opinion granting Plaintiffs' Motion to Amend, the Court found that the proposed Second Amended Complaint addressed concerns raised with respect to

6

jurisdiction and permitted the amendment because the proposed, now operative, Second Amended Complaint was not futile. The Court will address Defendant's arguments as follows.

1. <u>Plaintiffs have plead a claim under Section 10 (b) of the Securities Act of 1934 and the motion to dismiss Counts V-VI is denied.</u>

Section 10(b) of the Securities Exchange Act prohibits the use of "any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe ...." 15 U.S.C. § 78j(b). The SEC has in turn promulgated Rule 10b–5, which makes it unlawful for any person to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading ... in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b–5. OFI Asset Mgmt., 834 F.3d at 493.

The Second Amended Complaint in subsection C, sets forth with sufficient particularity as to Plaintiff Gordon, a claim under Section 10(b) of the Securities Exchange Act. <u>See</u> Sec. Amen. Compl. ¶¶ 37-61. To state a claim for securities fraud under Section 10 of the Exchange Act and Rule 10b–5, a plaintiff must plead the following: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." <u>Amgen, Inc. v. Conn. Retirement Plans & Trust Funds</u>, 568 U.S. 455, 133 S.Ct. 1184, 1192, 185 L.Ed.2d 308 (2013) (internal citation omitted).

Scienter is a "mental state embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 218 n.12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). In evaluating scienter's "strong inference" requirement, courts must weigh "plausible nonculpable explanations for the defendant's conduct" against the "inferences favoring the plaintiff." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). A "strong inference" of scienter is one that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." Id. at 314, 127 S.Ct. 2499; see also id. at 324, 127 S.Ct. 2499 ("The inference that the defendant acted with scienter need not be irrefutable, i.e., of the 'smoking gun' genre, or even the most plausible of competing inferences." (Internal quotation marks omitted.)). The pertinent question is "whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Id. at 323, 127 S.Ct. 2499; see also id. at 326, 127 S.Ct. 2499 ("[T]he court's job is not to scrutinize each allegation in isolation but to assess all of the allegations holistically.").

"[I]n cases alleging securities fraud, plaintiffs must 'satisfy the heightened pleading rules codified in' the [Private Securities Litigation Reform Act, or] PSLRA." OFI Asset Mgmt. v. Cooper Tire & Rubber, 834 F.3d 481, 493 (3d Cir. 2016) (quoting Institutional Investors Grp. v. Avaya, Inc., 564 F.3d 242, 252 (3d Cir. 2009)). To satisfy this heightened pleading standard, a plaintiff must state the circumstances of his alleged cause of action with "sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of America, 361 F.3d 217, 223–24 (3d Cir. 2004)). Specifically, the plaintiff must plead or allege the "date, time and place of the

8

alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico, 507 F.3d at 200 (citing Lum, 361 F.3d at 224). The Third Circuit has advised that, at a minimum, a plaintiff must allege the "essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276–77 (3d Cir. 2006) (quoting In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002)).

The PSLRA provides two distinct pleading requirements, both of which must be met in order for a complaint to survive a motion to dismiss. Avaya, 564 F.3d at 252. First, under 15 U.S.C. § 78u–4(b)(1), the complaint must "specify each allegedly misleading statement, why the statement was misleading, and, if an allegation is made on information and belief, all facts supporting that belief with particularity." Winer Family Trust v. Queen, 503 F.3d 319, 326 (3d Cir. 2007) (construing 15 U.S.C. § 78u–4(b)(1)). Second, the complaint must, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). Under the PSLRA's second pleading requirement for Exchange Act claims, a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2).

An Exchange Act plaintiff must also plead a connection between the misrepresentation or omission and the purchase or sale of a security and reliance. Amgen, 133 S.Ct. at 1192; Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Rule 10b–5, promulgated by the Securities and Exchange Commission, makes it unlawful:

> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5 (emphasis added); <u>In re Westinghouse Secs. Litig.</u>, 90 F.3d 696, 710 (3d Cir. 1996). As a result, before a plaintiff can invoke the protections of the anti-fraud provisions of the federal securities laws, a plaintiff must show that the alleged misconduct involves a purchase or sale of securities. See <u>Steinhardt Grp. Inc. v. Citicorp</u>, 126 F.3d 144, 150 (3d Cir. 1997); <u>Scattergood v. Perelman</u>, 945 F.2d 618, 622 (3d Cir. 1991) (fraud under the Exchange Act and Rule 10b–5 must concern the purchase or sale of a "security").

Here, Defendant sold Bonds in his company under the guise that the bonds were not securities but complied with all regulations. Under The Exchange Act, a "security" is defined as:

> any note, stock, treasury stock, security future, security-based swap, bond, debenture, certificate of interest or participation in any profit sharing agreement or in any oil, gas, or other mineral royalty or lease, any collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or in general, any instrument commonly known as a "security"; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing; but shall not include currency or any note, draft, bill of exchange, or banker acceptance which has a maturity at the time of issuance of not exceeding nine months, exclusive of days of grace, or any renewal thereof the maturity of which is likewise limited.

15 U.S.C. § 78c (a)(10) (emphasis added). "[T]he term 'security' was meant to include 'the many types of instruments that in our commercial world fall within the ordinary concept of a security,' ... the scope of federal securities laws is not without limitation, and Congress did not intend to create a federal cause of action for common fraud." Goodwin v. Elkins & Co., 730 F.2d 99, 102 (3d Cir. 1984) (citation omitted). The Bonds at issue here are described as investment contracts, a term that has not been defined by Congress. In SEC v. W.J. Howey Co., the Supreme Court identified three elements which indicate whether an investment qualifies as a security: (1) "an investment of money," (2) "in a common enterprise," and (3) "with profits to come solely from the efforts of others." SEC v. W.J. Howey Co., 328 U.S. 293, 298–99, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946).

At this stage, Plaintiff's complaint sufficiently sets forth a claim under the Exchange Act. Plaintiff alleges that Dailey intentionally and falsely represented that the Bonds complied with all legal and regulatory requirements and knew that the issuance of the Bonds violated federal and state securities laws. Sec. Am. Compl. at ¶¶ 34, 37-52, 56-65, 104-110, 126-130. In addition, the Complaint sets forth facts that strongly infer that Dailey had incentive and motive to mislead and, therefore, acted with the required state of mind. See 15 U.S.C. § 78u–4(b)(2). See, e.g., Gargiulo v. Isolagen, Inc., 527 F. Supp. 2d 384, 390 (E.D. Pa. 2007) (holding that "Plaintiffs, by establishing motive and opportunity, have met their burden and pled facts with sufficient particularity to give rise to a strong inference of scienter").

The Court finds that Plaintiffs' factual allegations sufficiently plead that certain statements Defendant made were false and misleading. The Second Amended Complaint specifies what Dailey said, what the contract promised, and that his actions

constitute a violation of the securities laws.  For the same reasons, Plaintiff has sufficiently plead claims under New Jersey Uniform Securities Law, N.J. Stat. Ann. §§ 49:3-47, et. seq. and violations of the Florida Securities and Investor Protection Act, Fla. Stat. § 517.301.[5]

Dailey's motion to dismiss Counts V-VI will be denied.

2. <u>The Complaint satisfies Rule 9 (b) as to the claims of common law fraud and Defendant's motion to dismiss Count XI is denied.</u>

The Court finds that the Second Amended Complaint pleads claims of fraud with sufficient particularity to withstand scrutiny under Rule 9 (b).  <u>See</u> Sec. Am. Compl. ¶¶ 34, 37-52, 56-65, 104-110, 126-130.  To establish a claim for common law fraud, there must be "(1) a material misrepresentation of a presently existing or past fact; (2)

---

[5] The elements of a claim under the Florida and New Jersey State securities laws are substantially similar to Rule 10b–5 of the Exchange Act. Under Florida law, a violation of Section 517.301 requires a showing that:

> (2) Any person purchasing or selling a security in violation of s. 517.301, and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner or agent has personally participated or aided in making the sale or purchase, is jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security.

A cognizable claim under Section 517.301 must allege that (1) a misrepresentation or omission of a material fact; (2) justifiably relied on; (3) that the misrepresentation or omission was made in connection with a purchase or sale of securities; (4) with scienter or reckless disregard as to the truth of the communication; and (5) that the untruth was the direct proximate cause of the loss. <u>Profilet v. Cambridge Fin. Corp.</u>, 231 B.R. 373, 380 (S.D.Fla.1999) (citing <u>First Union Brokerage v. Milos</u>, 717 F.Supp. 1519, 1523 (S.D.Fla. 1989), aff'd, 997 F.2d 835 (11th Cir.1993)).

Under New Jersey Law, a claim pursuant to N.J. Stat. Ann. § 49:3–47, et seq. must allege "an[] untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstance under which they are made, not misleading."  The statute provides for a civil cause of action against persons who, in connection with the sale or purchase of a security, make "any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading." N.J. Stat. Ann. § 49:3–71(c); § 49:3–52. As a result, Defendants motion to dismiss Counts VII-X is denied.

knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610, 691 A.2d 350 (1997) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624–25, 432 A.2d 521 (1981)). As previously stated, there is also a heightened pleading standard when alleging fraud: "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b) (emphasis added).

Taking the allegations in the Complaint as true, as this Court must under a Rule 12(b)(6) motion, the elements of common law fraud are satisfied. The Complaint provides that Defendant's July 6, 2013 "Official Announcement" stated that the bonds being offered were not regulated, that the bonds constituted an ownership interest, and a payout scheme was set forth in the offering and the business plan. In addition Plaintiff alleges that Dailey omitted the fact that he lacked the financial resources, knowledge, experience, equipment and ability to distribute weekly dividends resulting from the BTC mining operations managed by LRM or repay the BTC Plaintiffs provided to purchase the LRM Bonds. Plaintiff further alleges that Dailey mischaracterized the manner in which funds he collected from the plaintniffs would be used and that the funds were actually diverted to a number of improper purposes. See Sec. Am. Compl., ¶¶ 34, 37-52, 56-65, 104-110, 126-130. Defendant's motion to dismiss Count XI is denied.

    3. <u>Plaintiff's fraud, negligent representation and unjust enrichment claims are not barred by the economic loss doctrine.</u>

According to Dailey, Plaintiff's common law fraud claims are barred by the economic loss doctrine. In general terms, the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995). The economic loss doctrine bars claims for negligence between parties to a contract. SRC Const. Corp. of Monroe v. Atl. City Hous. Auth., 935 F. Supp. 2d 796, 800 (D.N.J. 2013). "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law. ... But mere failure to fulfill obligations encompassed by the parties' contract, including the implied duty of good faith and fair dealing, is not actionable in tort." Skypala v. Mortgage Elec. Registration Sys., Inc., 655 F. Supp. 2d 451, 460 (D.N.J. 2009); Rost v. Avelo Mortg., LLC, No. CV 15-3254, 2015 WL 6737026, at *5 (D.N.J. Nov. 3, 2015)

Here, Plaintiff alleges that Dailey falsely represented that the Bonds were not securities and that the Bonds complied with all legal and regulatory requirements. In addition, the Second Amended Complaint alleges that Dailey concealed that Dailey's corporation and former defendant Lab Rat Data Processing's issuance, sale and delivery of the unregistered Bonds constituted a violation of the federal securities laws. Finally, when coupled with the many other alleged misrepresentations and omissions, especially those set forth in Lab Rat Data Processing's Official Announcement, Prospectus and Business Plan, the alleged conduct goes beyond and is outside of the confines of the contract between the parties. In other words, this fraud is independent from, and not contained within, the four corners of the parties' contracts.

The Court finds that as alleged, this misconduct is distinct from the breach of contract and renders the economic loss rule inapplicable under both New Jersey and

Florida Law. See UBI Telecom Inc. v. KDDI Am., Inc., 2014 WL 2965705, at *15 (finding that plaintiff's fraudulent inducement claim was not barred by and could co-exist with a breach of contract claim): G & F Graphic Servs., Inc. v. Graphic Innovators, Inc., No. CIV 13-6482 JEI/AMD, 2014 WL 1818235 (D.N.J. May 8, 2014) (denying a motion to dismiss where "the fraud alleged is not 'contained within the four corners of the contract'"); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 219 F. Supp. 2d 600, 608 (D.N.J. 2002) (holding the plaintiff's fraudulent inducement claim was premised upon fraud that was extrinsic to the contract and that plaintiff was not barred from pursuing simultaneous tort and contract claims); Florian Greenhouse, Inc. v. Cardinal IG Corp., 11 F. Supp. 2d 521, 526 (D.N.J. 1998) (denying a motion to dismiss based on the economic loss doctrine based on the court's finding that the fraud was extraneous to the contract as it did not involve nonfulfillment of a warranty or guarantee contained within the contract itself); Hilliard v. Black, 125 F.Supp.2d 1071 (N.D.Fla. 2000)(economic loss rule does not bar claim of breach of fiduciary duty where breach of fiduciary duty claim was independent of breach of contract claim); see also Russell v. Sherwin–Williams Co., 767 So.2d 592 (Fla. 4th DCA 2000) (citing Bay Garden Manor Condominium Ass'n v. Marks Associates, 576 So.2d 744 (1991); First State Savings Bank v. Albright & Assoc., of Ocala, 561 So.2d 1326 (Fla. 5th DCA), review denied, 576 So.2d 284 (Fla. 1990)).

Dailey's motion to dismiss on this basis is denied.

### 6. The Complaint states a claim for unjust enrichment and/or breach of contract and Defendant's motion to dismiss Counts XIV-XXII and XXIV is denied.

In order to properly plead a claim for a breach of contract, a plaintiff must allege "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 210 F.Supp.2d 552, 561 (D.N.J.2002). A claim for a breach of contract is subject to the liberal notice pleading requirements found in Rule 8(a) of the Federal Rules of Civil Procedure. See, e.g., St.-Val v. Domino's Pizza, LLC, Civil No. 06–4273, 2007 U.S. Dist. LEXIS 50518, at *4–5, 2007 WL 2049120 (D.N.J. July 12, 2007) (applying Rule 8(a) to a plaintiff's breach of contract claim).

Defendant seeks the dismissal of Plaintiffs' breach of contract claims in Counts XIV and XXI because the Second Amended Complaint fails to identify the existence or breach of the parties' contracts. The Court disagrees. The Second Amended Complaint sufficiently alleges that the parties entered into a Lab Rat Data Processing "Official Contract" and the terms of the Plaintiff's investment in the Bond were set forth in the body of the complaint and attached thereto. See Sec. Am. Compl., ¶¶ 231-241 and 315-325. In large measure, Plaintiff points to the fact that his actions solidified acceptance of the offer.

An enforceable contract may occur where once party communicates an offer and another party demonstrates acceptance. Importantly, acceptance may be shown by words or conduct. See, e.g., Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)("An offeree may manifest assent to the terms of an offer through words, creating an express contract, or by conduct, creating a contract implied-in-fact"); West Caldwell v. Caldwell, 26 N.J. 9, 24 (1958); Johnson & Johnson v. Charmley Drug Co., 11 N.J. 526, 538, 95

16

A.2d 391 (1953); N.J. Model Civil Instr. 4.10C[6]. Defendant's motion to dismiss the breach of contract claim is denied.

To establish unjust enrichment, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 641 A.2d 519, 554 (N.J. 1994). However, a defendant will be liable only if the plaintiff shows that it "expected remuneration from the defendant at the time it ... conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id. It has been observed that quasicontract claims involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit. See Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966).

Count XXIV of the Complaint states all of the elements of an unjust enrichment claim. The claims are plead with Rule 9(b)'s required particularly as shown above with respect to the securities claims, as Defendant has more than adequate notice of the unjust and inequitable misconduct in fraudulently inducing Plaintiffs to invest in

---

[6] The New Jersey Model Jury Instructions provide:
> An offer occurs when one party communicates to another a willingness to enter into a contract and does so under circumstances [that] justify the other party's understanding that if the offer is accepted, an agreement would result. An offer must be reasonably clear, definite and certain in all its essential terms.
>
> An acceptance occurs when a party shows intent to agree to an offer. The acceptance may be made by words or conduct. It must be made before the offer is withdrawn or lapses, and it must match the terms of the offer exactly. A proposal to accept an offer on any different terms is not an acceptance of the original offer. If any new or different terms are proposed in response to the offer, the response is not an acceptance but rather a counter-offer. A counter-offer is a new offer by the party making that proposal. The new offer must in turn be agreed to by the party who made the original offer for there to be an acceptance.

unregistered securities that serves as the basis for Plaintiffs' claim. Defendant's motion to dismiss the unjust enrichment claim is denied.

## IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is denied. An appropriate Order shall issue.


Dated: March 27, 2018

                                                  s/ Joseph H. Rodriguez
                                                  Hon. Joseph H. Rodriguez,
                                                  UNITED STATES DISTRICT JUDGE